UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WILLIAM B. BALL,

    Plaintiff,

    v.

DEPARTMENT OF JUSTICE, *et al.*,

    Defendants.

Civil Action No. 24-2365 (JEB)

## MEMORANDUM OPINION

*Pro se* Plaintiff William B. Ball is currently serving a 262-month sentence in federal prison after pleading guilty to attempted child enticement and transportation of child pornography. Ball has continued to litigate his case — including, as relevant here, by filing multiple suits under the Freedom of Information Act for records concerning his arrest and prosecution. After varying degrees of success in his previous two FOIA cases, Ball is back seeking records from a new constellation of federal Defendants. He now requests leave to amend his Complaint to add as a Defendant the Executive Office for United States Attorneys. The Court finds the proposed amendment futile because a prior judgment precludes Ball from adding this claim. It will therefore deny his request.

**I.    Background**

In early 2018, Ball paid $5,000 to a "special agent posing as the father of a seven-year-old child to organize a sexual encounter with the child." United States v. Ball, 835 F. App'x 493, 494 (11th Cir. 2020); see also United States v. Ball, No. 18-69 (M.D. Fla. Feb. 15, 2018), ECF No. 36 (Am. Plea Agreement) at 24. Plaintiff then traveled from his residence in Dubai to Florida to consummate the act, where he was arrested by Homeland Security Investigations agents. See Am. Plea Agreement at 24–26. He subsequently pled guilty to federal charges of

1

attempted child enticement and transportation of child pornography, id. at 1, and received a sentence of 21 years and 10 months in prison. See Ball, No. 18-69, ECF No. 60 (Judgment) at 2.

In 2019, Ball, seeking information about his criminal case, brought his first *pro se* FOIA suit against five federal agencies. Ball v. U.S. Marshals Serv., 2021 WL 4860590 (D.D.C. Oct. 19, 2021). This Court dismissed claims against two and granted summary judgment for the remaining three defendants — the Department of Homeland Security, the U.S. Marshals Service, and the Department of Treasury. Id. at *1. In 2021, shortly before the first case was decided, Ball initiated a second FOIA suit against a second set of agencies, including EOUSA. Ball v. EOUSA, 2024 WL 4024494 (D.D.C. Sep. 3, 2024). That suit resulted in this Court's granting partial summary judgment for EOUSA — requiring disclosure of some documents while affirming its privilege to withhold others. Id. at *1. Just prior to that judgment, Ball filed his third and current FOIA suit seeking records from the Department of Justice Office of Inspector General, Department of Homeland Security Office of Inspector General, and United States Immigration and Customs Enforcement. See ECF No. 1 (Compl.), ¶ 1.

During the pendency of the instant case, Ball "reasserted his FOIA request with EOUSA." ECF No. 28 (Mot.) at 2 (citing ECF No. 28-1, Exh. 1 (June 16, 2025, Letter from EOUSA) at ECF pp. 2–3). EOUSA dismissed the request because it duplicated one "in litigation." ECF No. 28-1, Exh. 2 (July 2, 2025, Letter from EOUSA) at ECF p. 5. It told Ball that if his request yielded any documents, they would be released in that other suit. Id. Dissatisfied, Ball renewed the dismissed request, see ECF No. 28-1, Exh. 3 (Renewed FOIA Request to EOUSA) at ECF pp. 7–8, and filed a Motion for Leave to Join EOUSA to this case in order to compel its production. See Mot. at 1. That last Motion is now before the Court.

**II.      Legal Standard**

Federal Rule of Civil Procedure 15 vests in the district court the discretion to grant or deny leave to amend and directs that the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). In this Circuit, "it is an abuse of discretion to deny leave to amend unless there is sufficient reason." Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996). Sufficient reason includes "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1962). Amendment should not be permitted if it would be futile — in other words, if the new causes of action would still be deficient notwithstanding the proposed amendment. See In re Interbank Funding Corp. Sec. Litig., 629 F.3d 213, 218 (D.C. Cir. 2010) ("[A] district court may properly deny a motion to amend if the amended pleading would not survive a motion to dismiss.") (citing Foman, 371 U.S. at 182); James Madison Ltd. v. Ludwig, 82 F.3d 1085, 1099 (D.C. Cir. 1996) ("Courts may deny a motion to amend a complaint as futile . . . if the proposed claim would not survive a motion to dismiss.") (citations omitted). "Under Rule 15(a), the non-movant generally carries the burden in persuading the court to deny leave to amend." Nwachukwu v. Karl, 222 F.R.D. 208, 211 (D.D.C. 2004).

**III.     Analysis**

In opposing Ball's Motion, the Government contends that the amendment would be futile under the doctrines of *res judicata* and collateral estoppel. See ECF No. 30 (Def. Opp.) at ECF pp. 5–6. This Court agrees and addresses each in turn.

A. Claim Preclusion

The doctrine of *res judicata*, or claim preclusion, "bars further claims by parties . . . based on the same cause of action," Montana v. United States, 440 U.S. 147, 153 (1979), on "any ground for relief which [the parties] already have had an opportunity to litigate[,] even if they chose not to exploit that opportunity." Hardison v. Alexander, 655 F.2d 1281, 1288 (D.C. Cir. 1981). A subsequent lawsuit is barred if there has been prior litigation (1) involving the same claim or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction. See Smalls v. United States, 471 F.3d 186, 192 (D.C. Cir. 2006). "Whether two cases implicate the same cause of action turns on whether they share the same nucleus of facts." Drake v. FAA, 291 F.3d 59, 66 (D.C. Cir. 2002) (quotation marks omitted). Courts in this district have held that "two [FOIA] suits involve the same nucleus of facts when they seek the same documents." Elec. Priv. Info. Ctr. v. IRS, 575 F. Supp. 3d 84, 92 (D.D.C. 2021); see also Roman v. Nat'l Reconnaissance Off., 952 F. Supp. 2d 159, 164 (D.D.C. 2013) (claim preclusion applied when previous lawsuit concerned FOIA request for "identical" documents); Negley v. FBI, 169 F. App'x 591, 594 (D.C. Cir. 2006) (finding that case in which records were "not absolutely identical to those involved in the prior proceeding" did not involve same nucleus of facts).

Ball seeks to amend his Complaint for the "limited purpose" of adding a FOIA claim against EOUSA. See Mot. at 1. His Motion confusingly states that he seeks a "Complaint" and a "DOJ memorandum authorizing the Middle District of Florida to file the Complaint." Id. at 1–2. His underlying FOIA request, however, seeks a single record. See Renewed FOIA Request to EOUSA at ECF p. 7. The request explains that the document's existence "was revealed in previous FOIA litigation," and it cites the corresponding Vaughn Index item number. Id. The

4

item number corresponds to an internal DOJ memorandum.  See Ball v. Off. of Int'l Affs., No. 21-1949, ECF No. 58-18 (Vaughn Index) at 10, item no. 633 (D.D.C. Mar. 29, 2024) ("DOJ Internal Memorandum to file (Complaint), dated Feb 13, 2018").  Whether one calls this document a complaint or a memorandum, Ball's claim to obtain it is barred by this Court's decision in that case.  See Ball, 2024 WL 4024494.

Take the first element of whether the action involves the same claim or cause of action as previously litigated.  Ball has narrowed his search from "any and all records related to him" sought in his formerly litigated FOIA request, id. at *1, but the record that he seeks now was nonetheless at issue in that action.  See Ball, No. 21-1949, Vaughn Index at 10, item no. 633.  Since Plaintiff seeks to compel disclosure of a record "absolutely identical" to one litigated in a prior FOIA proceeding, the Court finds that his cause of action shares the "same nucleus of facts."  Negley, 169 F. App'x at 594 (internal quotation marks omitted).

Continuing to the remaining three elements of claim preclusion, this Court issued summary judgment in Ball's 2021 FOIA case, concluding that EOUSA had properly withheld the very document as work product under Exemption 5.  Ball, 2024 WL 402449, at *8.  It reviewed supporting declarations that the "draft document grant[ed] internal approval to file the [criminal] complaint" and pronounced it "classic attorney work product."  Id. (internal quotation marks and citation omitted).  That summary-judgment ruling thus (1) involved the same claim or cause of action (2) between the same parties, (3) adjudicated in a final, valid judgment on the merits (4) by a court of competent jurisdiction.  The Court thus finds that if Ball were to add a FOIA claim against EOUSA, it would have to be dismissed as precluded.

B. Issue Preclusion

The doctrine of collateral estoppel, also called issue preclusion, is meant to conserve judicial resources by "prevent[ing] a party from relitigating an issue that has already been decided." Jackson v. Off. of the Mayor, 911 F.3d 1167, 1171 (D.C. Cir. 2018). Under this doctrine, "an issue of fact or law that was actually litigated and necessarily decided is conclusive in a subsequent action between the same parties or their privies." McAlister v. Potter, 843 F. Supp. 2d 117, 120 (D.D.C. 2012) (citing Allen v. McCurry, 449 U.S. 90, 94 (1980)). "Collateral estoppel requires that (1) 'the same issue now being raised must have been contested by the parties and submitted for judicial determination in the prior case;' (2) 'the issue must have been actually and necessarily determined by a court of competent jurisdiction in that prior case;' and (3) 'preclusion in the second case must not work a basic unfairness to the party bound by the first determination.'" Montgomery v. Internal Revenue Serv., 40 F.4th 702, 709 (D.C. Cir. 2022) (quoting Martin v. DOJ, 488 F.3d 446, 454 (D.C. Cir. 2007)). Courts in this district have held that issues in two FOIA actions are the same when "the materials responsive" to the later request do not "differ materially" from the "materials at issue in the prior action." Lardner v. DOJ, 638 F. Supp. 2d 14, 22 (D.D.C. 2009); see also Roman, 952 F. Supp. 2d at 162, 165.

The first and second elements of issue preclusion are met here in a similar manner to claim preclusion. Ball's Motion to join EOUSA raises the propriety of its withholding of a specific document. Compare Renewed FOIA Request to EOUSA at ECF p. 7 (requesting draft complaint revealed in previous litigation), with Ball, No. 21-1949, Vaughn Index at 10, item no. 633 ("DOJ Internal Memorandum to file (Complaint), dated Feb 13, 2018"). The document does not "differ materially" from one in the prior action. Lardner, 638 F. Supp. 2d at 22. This Court

6

previously determined that the work-product privilege protected such withholding.  Ball, 2024 WL 4024494, at *8.

As to the third element, preclusion in the instant case would not be unfair because Ball and EOUSA were parties to the previous suit with the same stakes.  See Otherson v. DOJ, 711 F.2d 267, 273 (D.C. Cir. 1983); see also Parklane Hosiery Co. v. Shore, 439 U.S. 322, 330 (1979) (unfairness concern is heightened when plaintiff seeks to use issue preclusion "offensively" against defendant when plaintiff was not party to prior suit).  There is also no evidence that the prior proceedings were seriously defective.  See Blonder-Tongue Lab'ys, Inc. v. Univ. of Ill. Found., 402 U.S. 313, 333 (1971) (fairness is implicated whenever there is risk that "prior proceedings were seriously defective").

The Court finds the amendment is futile as Ball's claim against EOUSA is barred by both claim preclusion and issue preclusion.

**IV.   Conclusion**

The Court will thus deny Plaintiff's Motion Requesting Leave to Join Party.  A contemporaneous Order so stating will issue this day.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date:  November 24, 2025